**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

DEC 15 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50171 |
| Plaintiff - Appellant, | D.C. No. 08-CR-03681-BTM-2 |
| v. | |
| RANDALL CARY GEIGER, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted December 10, 2009 [**]
Pasadena, California

Before: HALL and SILVERMAN, Circuit Judges, and CONLON, [***] District
Judge.

The government appeals from the district court's order suppressing material

witness identifications of appellee Randall Cary Geiger. We have interlocutory

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

jurisdiction over an appeal from an order suppressing evidence under 18 U.S.C. § 3731. We reverse and remand for further proceedings.

Geiger was arrested at a border checkpoint after agents discovered three illegal aliens concealed inside a jet ski towed by a truck; Geiger was in the front passenger seat. The material witnesses separately identified Geiger later that night in a photographic lineup. Two of the three identified Geiger again during depositions two months later. In granting Geiger's motion to suppress the identifications, the district court found the circumstances surrounding the lineup were impermissibly suggestive. The district court also suppressed the subsequent deposition identifications as tainted.

We review de novo whether a pretrial identification procedure is so suggestive as to violate a defendant's right to due process. *United States v. Montgomery*, 150 F.3d 983, 992 (9th Cir. 1998). A pretrial identification is subject to suppression if the procedure used was impermissibly suggestive and gives rise to a substantial likelihood of irreparable misidentification. *United States v. Bagley*, 772 F.2d 482, 492 (9th Cir. 1985). Viewing the totality of the circumstances, we do not find the identification procedures were impermissibly suggestive.

The material witnesses first observed Geiger in the load house, where Geiger asked them whether they wanted to use the restroom, and then again while they

were being concealed in the jet ski. As they were removed from the jet ski by Border Patrol agents, the material witnesses saw Geiger in handcuffs and wearing the same "San Diego" sweatshirt he wore at the load house. The district court found the circumstances were unduly suggestive because "San Diego" was visible on Geiger's sweatshirt in the photographic lineup, and the material witnesses had just seen him in the same sweatshirt and handcuffed at the detention center. We disagree. The identifications are not rendered suggestive because the material witnesses saw Geiger in handcuffs and in custody. *United States v. Jones*, 84 F.3d 1206, 1210 (9th Cir. 1996); *Bagley*, 772 F.2d at 493-94; *United States v. Kessler*, 692 F.2d 584, (9th Cir. 1982). The material witnesses' identifications of Geiger during the photographic lineups and in their deposition testimony were based on their direct contact with Geiger in the load house and their observations of him by the jet ski while they were being concealed. Accordingly, the district court erred in granting Geiger's motion to suppress.

In addition, the record establishes the material witnesses' identifications of Geiger were reliable under the factors set forth in *Neil v. Biggers*, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The material witnesses had an opportunity to closely observe Geiger in the load house and to speak with him about using the restroom, and observed him again while they were loaded into the

3

jet ski.  Their identifications were reasonably accurate and independently consistent.  No substantial likelihood of misidentification is reflected in the record.  Suppression of the photographic and deposition identifications was error.

**REVERSED AND REMANDED.**